# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 13, 2010

No. 09-40228
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS PECINA-RAMIREZ, also known as Chuy,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:07-CR-537-3

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jesus Pecina-Ramirez pleaded guilty to conspiracy to possess with intent to distribute marijuana, cocaine, and methamphetamine in violation of 21 U.S.C. §§ 841 and 846, and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956, and he was sentenced to 324 months and 240 months of imprisonment, to run concurrently, and five years of supervised release.

Pecina-Ramirez argues that the district erred by imposing a four-level increase in his offense level for being an organizer/leader under U.S.S.G.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 3B1.1(a).  He argues that DEA Agent De La Cruz's testimony did not show that he directed the activity of any other participants, but showed only that he was in the truck with Rivera conducting counter-surveillance under the direction of the owner of the drugs.  He contends that no evidence was presented to support the agent's opinion that he was a leader or organizer.

In reviewing a sentencing decision, this court must consider whether the district court committed a significant procedural error, such as improperly calculating the guidelines range, treating the Guidelines as mandatory, or selecting a sentence based on clearly erroneous facts.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  The determination that a defendant is a leader or organizer under § 3B1.1(a) is a factual finding reviewed by this court for clear error.  *United States v. Cabrera*, 288 F.3d 163, 173 (5th Cir. 2002).

DEA Agent De La Cruz's testimony established that Pecina-Ramirez's primary role was to oversee the smuggling of the drugs from Mexico using the storm drain pipe.  There was evidence in the form of intercepted conversations which showed Pecina-Ramirez discussing dividing payments with his co-leaders, discussing with the owner of the drugs whether a load should be crossed all at once or divided for security, discussing payment for seized drugs with the owner, and receiving reports from those conducting counter-surveillance.  This evidence supports agent De La Cruz's conclusion that Pecina-Ramirez supervised the counter-surveillance aspect of the smuggling operation.  Pecina-Ramirez does not dispute the evidence from the debriefings that he recruited two other participants.  The agent's testimony established that Pecina-Ramirez was one of the people in charge of the smuggling operation and exercised control or authority over his co-conspirators, even if he was just carrying out orders from the owners above him.  He was not required to be "the leader" but "a leader" to receive the adjustment.  *See* § 3B1.1, comment. (n.4); *Cabrera*, 288 F.3d at 175 n.13 (noting that more than one person can be a leader).  The district court's

finding that Pecina-Ramirez was a leader or organizer is not clearly erroneous. *See id*. at 173.

AFFIRMED.